[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11970

_____

D.C. Docket No. 1:11-cr-00239-CAP-ECS-29

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

TOMAR SHAW,
a.k.a. Jay,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 5, 2013)

Before MARTIN and BLACK, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

_____

[*] Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

In this interlocutory appeal, the Government challenges the district court's order granting Tomar Shaw's pretrial motions to suppress evidence obtained from three cellular phones found in Shaw's pockets at the time of his arrest. After review, we reverse the district court's order granting Shaw's motion to suppress and remand for further proceedings consistent with this opinion.[1]

## I. BACKGROUND

In June 2008, the Government began an investigation of a large Mexican drug trafficking organization operating in the Atlanta area. Between April 2009 and April 2011, agents monitored approximately 42 phones with court-authorized wiretaps and seized about $1.36 million in drug proceeds, 312 kilograms of cocaine, and 3,200 pounds of marijuana. Through some of the monitored calls, agents learned that Shaw was involved in the drug trafficking.

In May 2011, a grand jury returned a sealed 19-count indictment charging 32 defendants with various drug trafficking and money laundering offenses.[2] The indictment charged Shaw with one count of conspiracy to distribute, and possess with the intent to distribute, at least 1,000 kilograms of marijuana and at least 5

---

[1] In reviewing a district court's ruling on a motion to suppress, we review findings of fact for clear error and the application of the law to those facts *de novo*. *United States v. Muegge*, 225 F.3d 1267, 1269 (11th Cir. 2000).

[2] A superseding indictment, filed on June 14, 2011, added another defendant to the case, bringing the total number of defendants to 33.

kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii) and (vii).  Arrest warrants were issued for 30 charged defendants, including Shaw.

On June 8, 2011, DEA Special Agent Gregory Malloy arrested Shaw while Shaw was sitting in a truck outside a residence.  During Shaw's arrest, Agent Malloy conducted a pat-down search, found three cell phones in Shaw's pockets, and seized them as evidence.  Another DEA agent, Leonard Purvines, opened the seized cell phones and wrote down the phone numbers for each cell phone and the phone numbers and names in each cell phone's contact list.

On June 13, 2011, Shaw was arraigned and entered a not-guilty plea.  The district court granted the Government's motion to detain Shaw pending trial, and Shaw remained in pretrial detention throughout the district court proceedings.  On August 15 and 16, 2011, Shaw filed a generic motion to suppress all evidence and an amended motion to suppress.  The amended motion to suppress identified the items seized, including the three cell phones taken from Shaw's pockets at the time of his arrest.

On September 7, 2011, Agent Malloy obtained search warrants to search the three cell phones.  In his affidavit in support of the search warrant applications, Agent Malloy noted he was not relying on Purvines' search data to establish probable cause.  After obtaining the search warrants, agents conducted a more thorough search of the three cell phones.

On October 11, 2011, a magistrate judge held a hearing on Shaw's motions to suppress. When the Government appeared at the hearing, it was "not sure exactly what the issue [was]." Defense counsel clarified that Shaw was not contesting "the seizure of the phones at the time of the arrest." Nor was Shaw contesting "whether the search warrant [was] valid." Rather, defense counsel wanted to address a "strange question[:] . . . whether or not the act of searching the cell phones at the time [of the initial seizure] . . . in some form or fashion taint[ed] the later obtaining of a search warrant to search the same phones." Defense counsel then clarified that it wanted "to introduce evidence as to what the extent of [the initial] search was so that [defense counsel could] have a determination made as to whether that search was illegal."

The magistrate judge expressed doubt that the initial search of the cell phones at the scene of Shaw's arrest was unlawful. However, the magistrate judge *sua sponte* raised the issue of delay and stated that "the only thing that gives me pause would be . . . if there was a sufficiently long delay between the seizure of the property and the obtaining of the warrant that might in some way come into play as a factor." At the end of the hearing, the magistrate judge gave defense counsel leave to brief "whatever issues." Shaw submitted a brief in which he abandoned his argument that the initial search was illegal and tainted the later search. Instead, citing *United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009), Shaw claimed that

the Government's three-month delay in seeking the search warrants had violated his Fourth Amendment rights.

The magistrate judge issued a report and recommendation (R&R) recommending that Shaw's motions to suppress be granted.  The R&R stated that "[t]he facts of the instant case are not materially distinguishable from *Mitchell* and dictate the same result."  Based on the "substantially similar circumstances," the magistrate judge concluded the Government's delay in obtaining the search warrants was unreasonable, and recommended that the motions to suppress be granted.  Over the Government's objections, the district court adopted the R&R and granted Shaw's motions to suppress insofar as Shaw sought to suppress the evidence obtained from the cell phones as a result of the search warrants.  The Government filed this interlocutory appeal.[3]

## II.  DISCUSSION

Although Shaw concedes the initial seizure of the cell phones was constitutional, and has abandoned his argument that the initial search of the cell phones was unconstitutional, "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on

---

[3]  We have jurisdiction pursuant to 18 U.S.C. § 3731.  The U.S. Attorney certified in the notice of appeal that this appeal was not taken for purpose of delay and that the suppressed evidence is a substantial proof of a fact material in the proceeding.  *See* 18 U.S.C. § 3731.

'unreasonable [seizures].'" *Mitchell*, 565 F.3d at 1350 (some quotation marks omitted). In other words, a lawful seizure can become unlawful "if the police act with unreasonable delay in securing a warrant." *Id.* (internal quotation marks omitted). We evaluate the reasonableness of the delay "in light of all the facts and circumstances, and on a case-by-case-basis." *Id.* at 1351 (internal quotation marks omitted). Applying the rule of reasonableness requires a "careful balancing of governmental and private interests." *Id.*

In *Mitchell*, agents were investigating "individuals engaged in distributing and receiving child pornography via the internet." *Id.* at 1348. Through search warrants and wiretaps, agents obtained the names of hundreds of individuals who had visited a child pornography website, including Mitchell. *Id.* at 1349. Two agents conducted a "knock and talk" at Mitchell's residence, during which Mitchell admitted he had purchased subscriptions to pornography websites. When an agent asked if Mitchell's computers contained any child pornography, Mitchell responded, "yes, probably." *Id.* Mitchell consented to a search of his laptop computer, but refused to allow agents to search his desktop computer, which he indicated was the computer that contained the child pornography. The agents seized the desktop computer's hard drive, and left without arresting Mitchell. *Id.* Three days later, the agent who seized the hard drive left for a two-week training program out of state. *Id.* After his return, 21 days after the hard drive's seizure,

the agent sought and obtained a warrant to search the hard drive and found images of child pornography.  Mitchell was then indicted for receipt and possession of child pornography.  *Id.* at 1350.

On appeal, Mitchell conceded the agents had probable cause to seize the hard drive from his computer, but argued that the 21-day delay in obtaining a warrant was unreasonable.  *Id.*  We stated the detention of Mitchell's hard drive for 21 days constituted "a significant interference with Mitchell's possessory interest."  *Id.* at 1351.  We then determined that the excuse offered for the delay—attendance at a training seminar—was insufficient.  *Id.* at 1352.  Under the particular facts and circumstances of the case, we concluded the 21-day delay was unreasonable.  *Id.*  In reaching this conclusion, we emphasized that we were "applying a rule of reasonableness that is dependent on all of the circumstances."  *Id.*  For example, we recognized that "there may be occasions where the resources of law enforcement are simply overwhelmed by the nature of a particular investigation, so that a delay that might otherwise be unduly long would be regarded as reasonable."  *Id.* at 1353.

The district court erred by adopting the R&R's conclusion that "[t]he facts of the instant case are not materially distinguishable from *Mitchell* and dictate the same result."  There are numerous material distinctions between the instant case and the facts and circumstances of *Mitchell*.  At the time of the initial seizure,

7

Mitchell was merely the "possible target" of an investigation and had not been charged with a crime, *id.* at 1349, while Shaw was indicted and charged with conspiracy to distribute and possess with intent to distribute at least 1,000 kilograms of marijuana and at least 5 kilograms of cocaine.  The hard drive in *Mitchell* was seized based on probable cause from Mitchell's home, *id.* at 1350; the cell phones were seized from Shaw's pockets incident to Shaw's lawful arrest.  The agents here had wiretap evidence indicating that Shaw used cell phones to further the drug conspiracy; the agents in *Mitchell* could not be certain that the hard drive had any evidentiary value until they searched it.  *See id.* at 1351 (noting that even if the defendant admits there is child pornography on a hard drive, agents cannot be certain that this is factually or legally true until it is searched).  Shaw was in custody throughout the contested delay and concedes he could not have physically possessed the phones; Mitchell was not in custody and remained free to use computers even after his hard drive was seized.  *Id.*  In sum, the facts and circumstances presented in the instant case are materially different than those presented in *Mitchell*.

The district court also erred in failing to apply *Mitchell*'s rule of reasonableness.  It appears the district court relied on the perceived similarities of fact between this case and *Mitchell* in lieu of conducting a reasonableness analysis.  However, *Mitchell* requires courts to analyze the reasonableness of a delay "in

light of all the facts and circumstances, and on a case-by-case basis." *Id.* (internal quotation marks omitted).

Since the district court's ruling on the motion to suppress, and after briefing in this case was completed, we issued an opinion in *United States v. Laist*, 702 F.3d 608 (11th Cir. 2012). *Laist* more fully explains the application of the rule of reasonableness in a delay case. In particular, *Laist* highlights a non-exclusive list of relevant factors to consider in conducting the "fact-intensive" reasonableness inquiry. *Id.* at 614. *Laist* observes that because of "the complex interactions of these factors," in some cases, "a delay as short as 90 minutes may be unreasonable, while in others, a delay of over three months may be reasonable." *Id.* (citations omitted). We remand for further proceedings in light of our opinion in *Laist*. Moreover, we note that the record before us has not been fully developed on the issue of delay because the focus of the suppression hearing was on the initial search until the magistrate judge *sua sponte* raised the delay issue.

## III.  CONCLUSION

We REVERSE the district court's order granting Shaw's motions to suppress and REMAND to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**